**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
MOBILE DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 1:20-cv-602 |
| v. ) | |
| ) | |
| OLIN CORPORATION and BASF ) | |
| CORPORATION ) | |
| ) | |
| Defendants. ) | |

**COMPLAINT**

The United States of America, by authority of the Attorney General of the United States,
and at the request of the Administrator of the United States Environmental Protection Agency
("EPA"), through the undersigned attorneys, files this Complaint and alleges as follows:

**NATURE OF THE ACTION**

1.      This is a civil action for injunctive relief and recovery of costs against Olin
Corporation and BASF Corporation (collectively "Defendants") pursuant to Sections 106 and
107(a) of the Comprehensive Environmental Response, Compensation, and Liability Act, as
amended ("CERCLA"), 42 U.S.C. § 9606.

2.      The United States seeks (a) performance of response actions by Defendants at
Operable Unit 2 ("OU-2") of the Olin McIntosh Superfund Site ("the Site"), located in
Washington County, Alabama consistent with the National Oil and Hazardous Substances
Pollution Contingency Plan, 40 C.F.R. Part 300 (as amended) ("NCP"); (b) reimbursement of
response costs incurred by EPA and the Department of Justice related to the Site together with
any interest; and (c) a declaratory judgment of liability for response costs that will be incurred
related to OU-2 of the Site.

**JURISDICTION AND VENUE**

3.      This Court has jurisdiction over the subject matter of this action and over

Defendants, pursuant to 28 U.S.C. §§ 1331 and 1345 and 42 U.S.C. §§ 9606(a), 9607(a), and

9613(b).

4.      Venue is proper in this district pursuant to 42 U.S.C. §§ 9606(a) and 9613(b) and

28 U.S.C. § 1391(b) and (c), because the Site is located, the claims arose, and the threatened and

actual releases of hazardous substances that gave rise to these claims occurred, within this

judicial district.

**DEFENDANTS**

5.      Defendant Olin Corporation ("Olin"), a Virginia corporation, is a "person" within

the meaning of Section 101(21) of CERCLA, 42 U.S.C. § 9601(21). Olin is the current "owner"

and "operator" of the Site and was the "owner" and "operator" of the Site at the time of disposal

of hazardous substances as those terms are defined in Sections 101(20) and 107(a)(1) and (2) of

CERCLA, 42 U.S.C. §§ 9601(20) and 9607(a)(1) and (2).

6.      Defendant BASF Corporation ("BASF"), a Delaware corporation, is a "person"

within the meaning of Section 101(21) of CERCLA, 42 U.S.C. § 9601(21). BASF is the current

"owner" and "operator" of the Ciba-Geigy Plant as those terms are defined in Sections 101(20)

and 107(a)(1) of CERCLA, 42 U.S.C. §§ 9601(20) and 9607(a)(1).

**GENERAL ALLEGATIONS**

7.      The Site is located at 1638 Industrial Road in McIntosh, Washington County,

Alabama.

8.      EPA organized the Site into two operable units. Operable Unit 1 consists of the

active production facility, Solid Waste Management Units, and the upland area of the Olin

property. OU-2 consists of the Olin Basin located east of the main Olin plant area and adjacent to the Tombigbee River, a floodplain and a wastewater ditch leading to the Basin.

9.      OU-2 consists of approximately 220 acres of open ponded water and seasonally flooded wetland. Under base water flow (non-flooded stage) conditions, the open water portion of OU-2 consists of the 76-acre Olin Basin (the Basin), and the 4-acre Round Pond. Olin Basin and Round Pond drain into the Tombigbee River through an inlet channel at the south end of the Basin. OU-2 also includes a wastewater ditch (about 6,000 linear feet) that extends from the main plant to the Basin. This ditch formerly discharged into the southwest corner of the Basin, but currently discharges into the inlet channel to the Tombigbee River.

10.      Olin owned and operated the Site from 1952 to the present as an active chemical production facility.

11.      Between 1952 and 1984, Olin discharged wastewater containing mercury and hexachlorobenze ("HCB") through a wastewater ditch into the Olin Basin which drains into the Tombigbee River. Natural forces, such as flooding and wind effects, spread the mercury and HCBs to other parts of the floodplain on the Site.

12.      In 1984, EPA placed the Site on the National Priorities List, set forth at 40 C.F.R. Part 300, Appendix B.

13.      From 1952 to 1970, Geigy Chemical Corporation owned the property immediately to the north of the Site ("the Ciba-Geigy Plant") and operated a chemical production plant there.

14.      In 1952, Geigy Chemical Corporation produced dichlorodiphenyl-trichloroethane ("DDT") at the Ciba-Geigy Plant. Geigy's production of DDT resulted in undesirable by-products dichlorodiphenyldichloroethane ("DDD") and dichlorodiphenyldichloroethylene ("DDE").

15.     In the environment, DDT degrades into DDD and DDE.

16.     BASF currently owns and operates the Ciba-Geigy Plant.

17.     There have been, and continue to be, releases of DDT, DDD, and DDE at the Ciba-Geigy Plant.

18.     Natural forces, such as flooding and wind effects, carry and have carried DDT, DDD, and DDE from the Ciba-Geigy Plant into OU-2.

19.     EPA conducted investigations that uncovered Mercury, HCB, DDT, DDD, and DDE contamination in OU-2.

20.     On April 23, 2014, EPA issued a Record of Decision ("ROD") setting forth the Remedial Actions to be implemented at OU-2 of the Site. The major components of the remedy include a multi-layered cap, further sampling, institutional controls, construction monitoring, maintenance, and long-term monitoring.

21.     The ROD is not inconsistent with CERCLA and the National Contingency Plan, 40 C.F.R. Part 300.

22.     Mercury, HCB, DDT, DDD, and DDE are hazardous substances within the meaning of Section 101(14) of CERCLA, 42 U.S.C. § 9601(14).

23.     The Site is a "facility" within the meaning of Section 101(9) of CERCLA, 42 U.S.C. § 9601(9).

24.     The Ciba-Geigy Plant is a "facility" within the meaning of Section 101(9) of CERCLA, 42 U.S.C. § 9601(9).

25.     There have been and continue to be "releases" or "threatened releases" of "hazardous substances" into the environment from the Site, within the meaning of Sections 101(8), 101(14) and, 101(22), of CERCLA, 42 U.S.C. §§ 9601(8), 9601(14) and, 9601(22).

26.     There have been and continue to be "releases" or "threatened releases" of "hazardous substances" into the environment from the Ciba-Geigy Plant, within the meaning of Sections 101(8), 101(14) and, 101(22), of CERCLA, 42 U.S.C. §§ 9601(8), 9601(14) and, 9601(22).

27.     As a result of these releases or threatened releases of hazardous substances, the United States has incurred and will incur costs authorized by Section 104 of CERCLA, 42 U.S.C. § 9604, as defined by Sections 101(23), (24) and (25) of CERCLA, 42 U.S.C. §§ 9601(23), (24) and (25).

28.     As stated in the ROD, EPA estimates that the Remedial Design and Remedial Action for OU-2 of the Site will cost between $13.4 and $21.5 million to implement excluding EPA oversight costs.

## FIRST CLAIM FOR RELIEF
### (Injunctive Relief)

29.     Paragraphs 1 through 28 are realleged and incorporated herein by reference.

30.     Section 106(a) of CERCLA, 42 U.S.C. § 9606(a), provides in pertinent part:

> [W]hen the President determines that there may be an imminent and substantial endangerment to the public health or welfare or the environment because of an actual or threatened release of a hazardous substance from a facility, he may require the Attorney General of the United States to secure such relief as may be necessary to abate such danger or threat . . . .

31.     The Regional Administrator of EPA Region 4, through delegated authority, has determined that there is or may be an imminent and substantial endangerment to the public health or welfare or the environment because of actual or threatened releases of hazardous substances into the environment at the Site.

32.     Parties that are liable to the United States under Section 107 of CERCLA, 42 U.S.C. § 9607, may be ordered to abate such danger or threat. *See* Section 106(a) and (b)(2)(D) of CERCLA, 42 U.S.C. § 9606(a) and (b)(2)(D).

33.     Defendants are jointly and severally liable to the United States under Section 107 of CERCLA, 42 U.S.C. § 9607, and for injunctive relief to abate and remedy the conditions at the Site that may present an imminent and substantial endangerment to the public health or welfare or the environment because of an actual or threatened release of hazardous substances at the Site.

## SECOND CLAIM FOR RELIEF
### (Reimbursement of Response costs)

34.     Paragraphs 1 through 28 are realleged and incorporated herein by reference.

35.     Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), provides in pertinent part:

Notwithstanding any other provision or rule of law, and subject only to the defenses set forth in subsection (b) of this section—

(1)     the owner and operator of a vessel or a facility

(2)     any person who at the time of disposal of any hazardous substance owned or operated any facility at which such hazardous substances were disposed of, . . .

(4)     . . . from which there is a release, or a threatened release which causes the incurrence of response costs, of a hazardous substance,

*          *          *

Shall be liable for –

(A)     all costs of removal or remedial action incurred by the United States Government . . . not inconsistent with the National Contingency Plan . . .

36.     Pursuant to Section 107(a)(2) of CERCLA, 42 U.S.C. § 9607(a)(2), Olin is liable as an owner and operator of a facility when disposal of hazardous substances occurred at that facility from which there has been a release, or threatened release, which caused the incurrence of response costs.

37.     Pursuant to Section 107(a)(1) of CERCLA, 42 U.S.C. § 9607(a)(1), Olin is liable as the current owner and operator of a facility from which there has been a release, or threatened release, which caused the incurrence of response costs.

38.     Pursuant to Section 107(a)(1) of CERCLA, 42 U.S.C. § 9607(a)(1), BASF is liable as the current owner and operator of a facility from which there has been a release, or threatened release, which caused the incurrence of response costs.

39.     Defendants are liable to the United States pursuant to Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), for unrecovered response costs not inconsistent with the NCP incurred by the United States in connection with the Site, plus any applicable interest on the response costs incurred.

40.     Section 113(g)(2) of CERCLA, 42 U.S.C. § 9613(g)(2), provides in pertinent part that in any action for recovery of costs, "the court shall enter a declaratory judgment on liability for response costs or damages that will be binding on any subsequent action or actions to recover further response costs or damages."

41.     Pursuant to Section 113(g)(2) of CERCLA, 42 U.S.C. § 9613(g)(2), the United States is entitled to a declaratory judgment that Defendant is liable to the United States under Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), for further response costs not inconsistent with the NCP incurred by the United States in connection with the Site.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, the United States of America, respectfully requests that this Court:

A.     Order Defendants to abate the conditions at OU-2 of the Site that may present an imminent and substantial endangerment to the public health or welfare or environment, pursuant to Section 106(a) of CERCLA, 42 U.S.C. § 9606(a), by performing the remedy selected by EPA in the ROD;

B.     Award the United States a judgment against Defendants, pursuant to Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), for all response costs not inconsistent with the NCP

incurred by the United States in connection with OU-2 at the Site, plus any accrued interest on the costs;

C.      Award the United States a declaratory judgment, pursuant to Section 113(g)(2) of CERCLA, 42 U.S.C. § 9613(g)(2), that Defendants are liable to the United States for further response costs not inconsistent with the NCP to be incurred by the United States in connection with OU-2 of the Site; and

D.      Grant such other and further relief as the Court deems just and proper.


Respectfully submitted,


Bruce S. Gelber
Deputy Attorney General Environment and
Natural Resources Division United States
Department of Justice


  s/ Peter Krzywicki
_____
PETER KRZYWICKI
Trial Attorney
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611
Washington, DC 20044-7611
peter.krzywicki@usdoj.gov
Phone:  (202) 305-4903
Facsimile:  (202) 514-0097


Keith A. Jones
Civil Division Chief
United States Attorney's Office
Southern District of Alabama
63 S. Royal Street, Ste. 600
Mobile, Alabama 36602
Phone:  (251) 415-7206

OF COUNSEL:

LISA ELLIS
Attorney
U.S. EPA Region 4
61 Forsyth Street, S.W.
Atlanta, GA 30303

JS 44   (Rev. 08/18)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (*SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.*)

## I. (a) PLAINTIFFS

## DEFENDANTS

**(b)** County of Residence of First Listed Plaintiff
   *(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
   *(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

❑ 1   U.S. Government
        Plaintiff

❑ 3   Federal Question
          *(U.S. Government Not a Party)*

❑ 2   U.S. Government
        Defendant

❑ 4   Diversity
          *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ❑ 1 | ❑ 1 | Incorporated *or* Principal Place of Business In This State | ❑ 4 | ❑ 4 |
| Citizen of Another State | ❑ 2 | ❑ 2 | Incorporated *and* Principal Place of Business In Another State | ❑ 5 | ❑ 5 |
| Citizen or Subject of a Foreign Country | ❑ 3 | ❑ 3 | Foreign Nation | ❑ 6 | ❑ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ❑ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ❑ 625 Drug Related Seizure of Property 21 USC 881 | ❑ 422 Appeal 28 USC 158 | ❑ 375 False Claims Act |
| ❑ 120 Marine | ❑ 310 Airplane | ❑ 365 Personal Injury - Product Liability | ❑ 690 Other | ❑ 423 Withdrawal 28 USC 157 | ❑ 376 Qui Tam (31 USC 3729(a)) |
| ❑ 130 Miller Act | ❑ 315 Airplane Product Liability | ❑ 367 Health Care/ | | | ❑ 400 State Reapportionment |
| ❑ 140 Negotiable Instrument | ❑ 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | ❑ 410 Antitrust |
| ❑ 150 Recovery of Overpayment & Enforcement of Judgment | Slander | Personal Injury Product Liability | | ❑ 820 Copyrights | ❑ 430 Banks and Banking |
| ❑ 151 Medicare Act | ❑ 330 Federal Employers' Liability | ❑ 368 Asbestos Personal Injury Product | | ❑ 830 Patent | ❑ 450 Commerce |
| ❑ 152 Recovery of Defaulted Student Loans | ❑ 340 Marine | Liability | | ❑ 835 Patent - Abbreviated New Drug Application | ❑ 460 Deportation |
| (Excludes Veterans) | ❑ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ❑ 840 Trademark | ❑ 470 Racketeer Influenced and Corrupt Organizations |
| ❑ 153 Recovery of Overpayment of Veteran's Benefits | ❑ 350 Motor Vehicle | ❑ 370 Other Fraud | ❑ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ❑ 480 Consumer Credit |
| ❑ 160 Stockholders' Suits | ❑ 355 Motor Vehicle Product Liability | ❑ 371 Truth in Lending | ❑ 720 Labor/Management Relations | ❑ 861 HIA (1395ff) | ❑ 485 Telephone Consumer Protection Act |
| ❑ 190 Other Contract | ❑ 360 Other Personal Injury | ❑ 380 Other Personal Property Damage | ❑ 740 Railway Labor Act | ❑ 862 Black Lung (923) | ❑ 490 Cable/Sat TV |
| ❑ 195 Contract Product Liability | ❑ 362 Personal Injury - Medical Malpractice | ❑ 385 Property Damage Product Liability | ❑ 751 Family and Medical Leave Act | ❑ 863 DIWC/DIWW (405(g)) | ❑ 850 Securities/Commodities/ Exchange |
| ❑ 196 Franchise | | | ❑ 790 Other Labor Litigation | ❑ 864 SSID Title XVI | ❑ 890 Other Statutory Actions |
| | | | ❑ 791 Employee Retirement Income Security Act | ❑ 865 RSI (405(g)) | ❑ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ❑ 893 Environmental Matters |
| ❑ 210 Land Condemnation | ❑ 440 Other Civil Rights | **Habeas Corpus:** | | ❑ 870 Taxes (U.S. Plaintiff or Defendant) | ❑ 895 Freedom of Information Act |
| ❑ 220 Foreclosure | ❑ 441 Voting | ❑ 463 Alien Detainee | | ❑ 871 IRS—Third Party 26 USC 7609 | ❑ 896 Arbitration |
| ❑ 230 Rent Lease & Ejectment | ❑ 442 Employment | ❑ 510 Motions to Vacate Sentence | | | ❑ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ❑ 240 Torts to Land | ❑ 443 Housing/ Accommodations | ❑ 530 General | | | |
| ❑ 245 Tort Product Liability | ❑ 445 Amer. w/Disabilities - Employment | ❑ 535 Death Penalty | **IMMIGRATION** | | ❑ 950 Constitutionality of State Statutes |
| ❑ 290 All Other Real Property | ❑ 446 Amer. w/Disabilities - Other | **Other:** | ❑ 462 Naturalization Application | | |
| | ❑ 448 Education | ❑ 540 Mandamus & Other | ❑ 465 Other Immigration Actions | | |
| | | ❑ 550 Civil Rights | | | |
| | | ❑ 555 Prison Condition | | | |
| | | ❑ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

❑ 1   Original
        Proceeding

❑ 2   Removed from
        State Court

❑ 3   Remanded from
        Appellate Court

❑ 4   Reinstated or
        Reopened

❑ 5   Transferred from
        Another District
        *(specify)*

❑ 6   Multidistrict
        Litigation -
        Transfer

❑ 8   Multidistrict
        Litigation -
        Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

❑ CHECK IF THIS IS A **CLASS ACTION**
     UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:

JURY DEMAND:   ❑ Yes   ❑ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE

DOCKET NUMBER

DATE

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)**　**Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

　**(b)**　**County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

　**(c)**　**Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**　**Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked**.** (See Section III below**; NOTE: federal question actions take precedence over diversity cases.**)

**III.**　**Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.**　**Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.**　**Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.**　**Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

**VII.**　**Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**　**Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.